IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER J. LONG,

                Plaintiff,

v.

MARIO L. STEGER,

                Defendant.

OPINION AND ORDER

17-cv-295-slc

---

In this case, *pro se* plaintiff Peter Long claimed that Correctional Officer Mario Steger violated state and federal law when Steger handcuffed Long with a single set of handcuffs behind his back. Steger moved for summary judgment, to which plaintiff failed to respond despite being granted two extensions to do so. While recognizing that plaintiff's lack of a response did not automatically result in a favorable decision for Steger, I ultimately concluded that no reasonable jury could find in favor of plaintiff and granted defendant's summary judgment motion. Two weeks after judgment was entered, plaintiff moved for reconsideration of the court's opinion. Dkt. 43. Defendant has countered with a motion for sanctions, arguing that plaintiff's reconsideration motion is frivolous. Dkt. 47.

Under Federal Rule of Civil Procedure 59(e), a party may seek to "alter or amend a judgment." To prevail on a motion brought under this rule, the movant must "demonstrate a manifest error of law or present newly discovered evidence." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). Here, plaintiff has shown neither. Although his motion points to various pieces of evidence -- including statements made in his verified complaint, two declarations signed in 2016, and two Heath Services Unit exhibits also from 2016 -- he makes no effort to show that any of this evidence was "newly discovered." As to legal errors, plaintiff complains that

the court did not acknowledge his verified complaint and the exhibits he attached to it. But a court is only bound to consider at summary judgment those factual assertions in a verified complaint that are based on the affiant's personal knowledge, *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996), I did that here. *See* dkt. 40. Accordingly, I will deny plaintiff's motion for reconsideration.

That said, I do not agree with defendant that plaintiff's motion warrants sanctions. Federal Rule of Civil Procedure 11(b) authorizes sanctions where a party presents the court with a pleading or other paper "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," is not "warranted by existing law" or is lacking in evidentiary support. Moreover, in considering whether to impose sanctions, "courts may consider whether the improper conduct was 'willful or negligent,' whether the responsible person is 'trained in the law,' and the responsible person's financial resources." *Mortle v. United Parcel Serv.*, 247 F. App'x 820, 823 (7th Cir. 2007). Here, plaintiff's position appears to have been formed after reasonable inquiry, and especially in light of his *pro se* status and lack of formal legal training, I find that sanctions are not warranted.

Finally, I will deny plaintiff's "motion to deny the state's motion for sanctions," dkt. 50, as improperly brought, as well as his "motion to allow plaintiff to stand on his motion for reconsideration," dkt. 51, which is essentially a reiteration of his original motion for reconsideration.

ORDER

IT IS ORDERED THAT:

(1) Plaintiff's motion for reconsideration (dkt. 43) is DENIED.

(2) Defendant's motion for sanctions (dkt. 47) is DENIED.

(3) Plaintiff's "motion to deny the state's motion for sanctions" (dkt. 50) and "motion to allow plaintiff to stand on his motion for reconsideration" (dkt. 51) are both DENIED.

Entered this 18th day of August, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge